**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark C. Metzger ) | No. 05-CV-670-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Daniel LeBlanc, et al., ) | |
| ) | |
| Defendants. ) | |

The court has before it Plaintiff's Motion to Disqualify Defendants' Counsel (doc. 42), Defendants' Response (doc. 48), and Plaintiff's Reply (doc. 55).

Plaintiff Mark Metzger entered into two agreements with defendant Icex Holdings, Ltd., Inc. (hereinafter "Icex"). This action arises substantially out of those agreements. Metzger asserts that he entered into an attorney-client relationship with Michael Ferrin, which arose out of a series of meetings in which Metzger alleges that he received legal advice from Ferrin with regard to the agreements. Motion to Dismiss at 3-5. In contrast, Icex argues that Metzger was merely a third-party at meetings in which Ferrin gave legal advice to Vincent Shaker, and that Ferrin never gave legal advice to Metzger, who was never Ferrin's client nor prospective client. Response at 2-5.

Icex is represented in this litigation by Ferrin's law partner, Scott Gibson, of their firm, Gibson, Ferrin & Riggs, PLC (hereinafter "GFR"). Metzger moves to disqualify Gibson and

1  GFR, arguing that because Metzger was either Ferrin's client or prospective client, that
2  pursuant to Rule 1.9 or Rule 1.18 of the Arizona Rules of Professional Conduct, Ferrin is
3  barred from representing Icex; and, pursuant to Rule 1.10, the conflict of interest is imputed
4  to the entire firm, therefore disqualifying Gibson and GFR.  Motion to Dismiss at 5-9.
5  Metzger also argues that because Ferrin is precluded from representing Icex pursuant to Rule
6  1.9, and Ferrin will be called as witness to testify with regard to the agreements, the entire
7  firm should be disqualified pursuant to Rule 3.7.  Id. at 9-10.

8        Attorneys practicing before the United States District Court for the District of
9  Arizona are regulated by the Arizona Rules of Professional Conduct.  LRCiv 83.2(d).
10  However, the "violation of a Rule does not necessarily warrant . . . [the] disqualification
11  of a lawyer in pending litigation."  Arizona Rules of Professional Conduct Preamble ¶ 20.
12  We must balance the concerns of professional integrity and the privacy of the alleged
13  attorney-client relationship with the defendant's interest in proceeding with counsel of its
14  choice, and accordingly, we hesitate before imposing the "drastic measure" of
15  disqualification of an attorney, and the more drastic measure of the disqualification of an
16  entire firm.  Schiessle v. Stephens, 717 F.2d 417, 419 (7th Cir. 1983).  See In re County
17  of Los Angeles, 223 F.3d 990, 996 (9th Cir. 2000).  Therefore, before ordering
18  disqualification, we require not only that a rule of professional conduct was violated, but
19  that the violation will cause the movant harm in this action, therefore making the
20  disqualification "absolutely necessary."  Schiessle, 717 F.2d at 419 (quoting Freeman v.
21  Chicago Musical Instrument Co., 689 F.2d 715, 721 (7th Cir. 1982)).  Metzger fails to
22  establish that any significant harm will arise from the alleged ethical violations.

23        With regard to Metzger's conflict of interest claim, Metzger argues that the
24  information that Ferrin learned from him could cause him significant harm if revealed to
25  Gibson, and further, that he "would suffer severe prejudice" if Ferrin "is allowed to tell
26  the jury about discussions that Mr. Metzger believed were shared in the context of an
27  attorney-client relationship."  Motion to Dismiss at 8.  However, Metzger waives any
28  right to confidentiality and attorney-client privilege associated with his discussions with

- 2 -

Ferrin, and asserts that he will explore the discussions by deposing Ferrin and examining him at trial.  Motion to Dismiss at 6.  Metzger could not possibly be impermissibly prejudiced by testimony that he intends to elicit.

Metzger also argues that because Ferrin will be forced to testify to information that is harmful to Icex's interests, or in the alternative to commit perjury, "all parties will be prejudiced by a likely (and likely awkward) examination of Mr. Ferrin by Mr. Gibson." Motion to Dismiss at 10.  Possible awkwardness is an insufficient reason to disqualify counsel.  Furthermore, if this matter goes to trial, Metzger's counsel could, through examination, alert the jury to Ferrin's partnership with Gibson.

The alleged violation of the rules of professional conduct will not cause Metzger any significant harm in this action.  Moreover, we are skeptical of Metzger's intent in filing his motion at this time, and fear that he may have attempted to use the rules of professional conduct as a procedural tool to extract a favorable settlement out of Icex. Metzger raised the issue of the conflict of interest more than five months after learning that Icex is represented by GFR, in which Ferrin is a name partner.  Metzger's counsel, Brian Shulman, raised the issue in a letter that dealt substantially with the prospect of settlement.  Shulman wrote, "As we sort through the disqualification issue, and you get to us the document discovery, I will raise in earnest the possibility of settlement."[1] Response, Exhibit D at 2.  The timing may be coincidental, but ironically, it forces us to consider the propriety of Metzger's attorney's actions.

Because plaintiff failed to assert any significant harm arising out of the alleged ethical violation, we need not rule on whether Gibson or GFR violated the Arizona Rules of Professional Conduct.

---

[1] Metzger argues that Icex violated Rule 408 of the Federal Rules of Evidence in disclosing the settlement contents of this letter.  Reply at 5-6.  However, Rule 408 merely bars the use of settlement offers or negotiations for the purpose of proving liability, and "does not require exclusion when the evidence is offered for another purpose."

- 3 -

Accordingly, **IT IS ORDERED DENYING** Plaintiff's Motion to Disqualify Defendant's Counsel (doc. 42).

DATED this 20th day of January, 2006.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 4 -